PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMELO ROMÁN, Defendant and Appellant.

No. 4323. Argued January 20, 1931.—Decided January 26, 1931.

*O'Neill & Cacho* for appellant.   *R. A. Gómez* for appellee.

Mr. Justice Texidor delivered the opinion of the Court.

In this case the original complaint, in its pertinent part, reads as follows:

"That on January 19, 1930, between 4:30 and 5 p.m., at km. 1-3 of Road No. 26, 'Maguelles' place in the ward of Florida Afuera, Barceloneta, within the Municipal Judicial District of Manatí, which is a part of the Judicial District of Arecibo, P. R., the said Carmelo Román, who was driving an automobile plate-number P-1572 belonging to José Román, at k. 1 h. 3 of the Florida Road towards the place known as 'Maguelles', where there is a culvert with a wall and where, turning to the right, the municipal road to Sabana starts, wilfully and unlawfully on leaving the main highway to take said municipal road, negligently, unskilfully and carelessly, and without exercising due care or taking the necessary precautions to insure the safety of life and of property, allowed or caused said automobile to collide with the wall of the culvert, crushing the left leg of the child Rogelio Colón against said wall, on which he was sitting, and fracturing the tibia, with the result that the said child had to be taken to the Barceloneta Hospital for emergency treatment and then to another hospital at Manatí, where his leg was amputated."

At a trial *de novo* before the District Court of Arecibo the prosecuting attorney introduced his evidence, and thereupon the defendant moved for a nonsuit, which was denied. The defendant stated that he had no evidence and the court convicted him of a violation of section 328 of the Penal Code and sentenced him to seven months in jail, and to pay the costs. An appeal was taken from that judgment.

Carmelo Román has based his appeal on four grounds, the first of which is the improper application of section 328 of the Penal Code.

The appellant insists that the evidence in the case shows that the automobile driven by the defendant struck the leg of the victim before colliding with the wall on which the latter was sitting, and therefore that section 328 of the Penal Code can not be applied. It seems to us that the appellant has strained the construction of that section to such a point that it would render its provisions useless where

the object with which the automobile collides can not be thrown or moved. Such is not the accepted interpretation, which is the one adopted in *People* v. *Lebrón,* 26 P.R.R. 382, 383, 384, where it was said:

"The facts were that the prosecuting witness and a companion were standing against the wall of a house in one of the streets of San Juan when the machine of the defendant collided with the wall and said prosecuting witness. There might be some slight doubt from the testimony of the eyewitnesses whether the machine collided first with the body of the prosecuting witness or with the wall, but there is no doubt that a part, if not the greater part, of the injuries was due to the impact with the wall. This clearly appears from the evidence of the medical expert. It is true that in People v. González, 24 P.R.R. 573, we said that a collision with a foot-passenger was not the offense denounced by said section 328, but in the present prosecution there was a collision with a thing or object producing injuries, namely, a wall, and the proof tended to show negligence.

"In trying to fix the intention of the legislature courts have frequently applied the doctrine of *noscitur a sociis,* and we have done so also, but there is no need for such aid in this case as it is clear that the legislature had in mind principally the negligence of a driver in permitting his car to collide with another object. The words 'thing or object' both appear in the statute, and there was no need of duplicating these words if the legislature only meant to cover some other moving object. The word 'object,' if anything, tends to exclude the idea of a moving body. If a train dispatcher, who is specifically mentioned in the law, sent a train down a switch so that it collided with a shed, he would fall within the terms of the statute. The last section says that if as a result of the collision injuries are caused, the driver should be guilty, as well as in case of death, also tending to show that the principal thought of the legislature was a negligent collision. See for a parity of reasoning the case of Harris v. American Casualty Co., 44 L.R.A. (N.S.) 70, where the court held that the striking of an automobile on the earth or on water was a collision with an 'object'."

From the only evidence produced at the trial, which was that introduced by the prosecution, the court concluded that the injured child was sitting on the wall over the culvert and was there struck by the automobile negligently driven

by the defendant, with the result that the tibia of one of his legs was fractured and the leg had to be amputated. No error that might induce us to reverse the judgment was committed in weighing the evidence. As to the application of section 328 of the Penal Code, the jurisprudence just quoted controls the present case. By following it, we conclude that if the victim was sitting on the wall and the automobile collided with him and the wall, this happened simultaneously and therefore application of the cited section lies.

As the case stood when the prosecution rested, the denial of the motion for a nonsuit was fully justified; hence the court did not err in this respect.

Lastly, as regards the penalty imposed (fourth assignment of error) it is urged by the appellant that as this is a case involving a young man who comes from a good family and is of good moral conduct, and it was a fortuitous occurrence, devoid of criminal intent, he ought to have been fined and not sent to jail, there to mix with undesirable characters. We agree that this is regrettable; but the law only takes into account the offense committed and the consequences of certain modifying circumstances. We have to leave a great deal to the judge's discretion in choosing one among several forms of penalties, and therefore we can not agree that he erred in that respect, unless the contrary had been shown to us.

The judgment appealed from must be affirmed.